1   Clement S. Roberts (SBN 209203)
    croberts@durietangri.com
2   Joseph C. Gratz (SBN 240676)
    jgratz@durietangri.com
3   DURIE TANGRI LLP
    217 Leidesdorff Street
4   San Francisco, CA  94111
    Telephone:    415-362-6666
5   Facsimile:    415-236-6300

6   *Of Counsel:*
    Christian E. Samay
7   csamay@flhlaw.com
    Robert E. Colletti
8   rcolletti@flhlaw.com
    FROMMER LAWRENCE & HAUG LLP
9   745 Fifth Avenue
    New York, NY 10151
10  Telephone: (212) 588-0800
    Facsimile:  (212) 588-0500
11
    Christopher Gosselin
12  cgosselin@flhlaw.com
    FROMMER LAWRENCE & HAUG LLP
13  1667 K Street NW
    Washington DC 20006
14  Telephone: (212) 292-1530
    Facsimile:  (212) 292-1531
15
    *Attorneys for Plaintiff*
16  *Speculative Product Design, LLC*

17

18                  **UNITED STATES DISTRICT COURT**

19              **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

20

| | |
|---|---|
| SPECULATIVE PRODUCT DESIGN, LLC, a California Limited Liability Company, | |
| *Plaintiff*, | **COMPLAINT FOR PATENT INFRINGEMENT** |
| vs. | **DEMAND FOR JURY TRIAL** |
| OTTER PRODUCTS, LLC, | |
| *Defendant*. | |

1
**COMPLAINT FOR PATENT INFRINGEMENT**

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Speculative Product Design, LLC ("Speck"), through its attorneys, files this Complaint against Defendant Otter Products, LLC ("Defendant"), and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action arising under the Patent Laws of the United States, 35 U.S.C. § 101, *et seq.*, involving the direct infringement by Defendant of two of Speck's United States Patents.

**THE PARTIES**

2. Plaintiff Speck is a California Limited Liability Company with its principal place of business located within the judicial district at 177 Bovet Rd., Suite 200, San Mateo, CA 94402.

3. Speck designs and manufactures cases for mobile devices, including cases for mobile phones, tablets, and laptops.

4. Upon information and belief, Defendant is a Colorado Limited Liability Company organized and existing under the laws of the State of Colorado, with a business address in Fort Collins, Colorado.

**JURISDICTION AND VENUE**

5. This Court has original subject matter jurisdiction over this action pursuant to the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*, and 28 U.S.C. §§ 1331 and 1338(a).

6. Defendant is subject to suit in this State because it has made, used, imported, offered for sale, or sold infringing products in this State.

7. Defendant is further subject to suit in this State because it has purposely availed itself of the benefits of doing business and/or has actively transacted business in this State.

8. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b).

**INTRADISTRICT ASSIGNMENT**

9. This is an Intellectual Property Action to be assigned on a district-wide basis pursuant to Civil Local Rule 3-2(c).

## FIRST COUNT

**(Infringement of U.S. Patent No. 8,204,561)**

10. Speck realleges and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

11. Speck is the owner by assignment of United States Patent No. 8,204,561 ("the '561 patent"). The '561 patent was duly and legally issued by the United States Patent and Trademark Office on June 19, 2012. A true and correct copy of the '561 patent is attached as Exhibit A.

12. The '561 patent is enforceable and enjoys a statutory presumption of validity.

13. Defendant's manufacture, use, sale, offer for sale, or importation of certain cases for portable electronic devices, including, but not limited to Defendant's "Symmetry" Series cases for portable phones (the "Accused Product") constitutes direct infringement of one or more of the claims of the '561 patent in violation of 35 U.S.C. § 271.

14. Defendant's acts of infringement have caused damage to Speck, and Speck is entitled to recover damages sustained by it as a result of Defendant's wrongful acts in an amount subject to proof at trial.

15. Defendant's infringement of the exclusive rights of Speck under the '561 patent will continue to damage Speck, causing irreparable harm for which there is no adequate remedy at law, unless permanently enjoined by this Court.

16. Upon information and belief, Defendant's infringement of the '561 patent is willful and deliberate, and without a reasonable basis for believing that its conduct is or was lawful.

## SECOND COUNT

**(Infringement of U.S. Patent No. 8,755,852)**

17. Speck realleges and incorporates by reference each of the foregoing

paragraphs as if fully set forth herein.

18. Speck is the owner by assignment of United States Patent No. 8,755,852 ("the '852 patent"). The '852 patent was duly and legally issued by the United States Patent and Trademark Office on June 17, 2014. A true and correct copy of the '852 patent is attached as Exhibit B.

19. The '852 patent is enforceable and enjoys a statutory presumption of validity.

20. Defendant's manufacture, use, sale, offer for sale, or importation of certain cases for portable electronic devices, including, but not limited to Defendant's "Symmetry" Series cases for portable phones (the "Accused Product") constitutes direct infringement of one or more of the claims of the '852 patent in violation of 35 U.S.C. § 271.

21. Defendant's acts of infringement have caused damage to Speck, and Speck is entitled to recover damages sustained by it as a result of Defendant's wrongful acts in an amount subject to proof at trial.

22. Defendant's infringement of the exclusive rights of Speck under the '852 patent will continue to damage Speck, causing irreparable harm for which there is no adequate remedy at law, unless permanently enjoined by this Court.

23. Upon information and belief, Defendant's infringement of the '852 patent is willful and deliberate, and without a reasonable basis for believing that its conduct is or was lawful.

**DEMAND FOR JURY TRIAL**

24. Speck hereby requests a trial by jury.

\\
\\
\\
\\
\\
\\
\\
\\
\\
\\

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Speck respectfully requests that this Court enter judgment in its favor and grant the following relief:

(a) Hold that Defendant has infringed the '561 and '852 patents;

(b) Award Speck damages for Defendant's infringement of the '561 and '852 patents;

(c) Permanently enjoin and restrain Defendant, its employees and agents, and any other person and entity in active concert or participation with them from further infringement of the '561 and '852 patents and from the manufacture, sale or offer for sale of the Accused Products;

(d) Hold that Defendant has willfully infringed the '561 and '852 patents;

(e) Award Speck treble damages for Defendant's willful infringement pursuant to applicable law, including, but not limited to, 35 U.S.C. § 284;

(f) Award Speck its reasonable attorneys fees and costs pursuant to applicable law, including without limitation, 35 U.S.C. § 285;

(g) Award prejudgment interests and costs of suit; and

(h) Award Speck such other relief as the Court may deem just and proper.

Dated: August 18, 2014

By: */s/ Clement S. Roberts*

Clement S. Roberts (SBN 209203)
croberts@Durietangri.Com
Joseph C. Gratz (SBN 240676)
jgratz@durietangri.com
DURIE TANGRI LLP
217 Leidesdorff Street
San Francisco, CA  94111
Telephone:      415-362-6666
Facsimile:       415-236-6300

*Of Counsel:*

Christian E. Samay
csamay@flhlaw.com
Robert E. Colletti
rcolletti@flhlaw.com
FROMMER LAWRENCE & HAUG LLP
745 Fifth Avenue

New York, NY 10151
Telephone: (212) 588-0800
Facsimile:  (212) 588-0500

Christopher Gosselin
cgosselin@flhlaw.com
FROMMER LAWRENCE & HAUG LLP
1667 K Street NW
Washington DC 20006
Telephone: (212) 292-1530
Facsimile:  (212) 292-1531

*Attorneys for Plaintiff*
*Speculative Product Design, LLC*

**COMPLAINT FOR PATENT INFRINGEMENT**